## Chicago and Alton Railroad Company
## v.
## Joseph Shenk.

*Railroads—Negligence—Fire—Evidence—Discretion of Court.*

1. This court will not pass upon a discretionary ruling of the trial court where the record does not show that the exercise of the discretion of the court was improper.

C. & A. R. R. Co. v. Shenk.

2. The exclusion of the trip report of the engineer who was in charge of a locomotive which is alleged to have set fire to the plaintiff's property can not be complained of where such person stated orally on the stand all it contained bearing upon the case.

3. It is discretionary with the trial court whether to allow a witness to act as an interpreter of another witness, both appearing in behalf of the same party, where it does not appear that the testimony was competent, or, if material, that it could not be shown by other evidence.

[Opinion filed May 25, 1889.]

APPEAL from the Circuit Court of Grundy County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. WILLIAM BROWN, for appellant.

Messrs. B. OLIN and WILLIAM MOONEY, for appellee.

UPTON, J. This suit was brought in the Circuit Court of Grundy county, by appellee against the appellant, to recover damages for the burning of a large quantity of hay, in the stack, belonging to appellee, then being in a field in the vicinity of the right of way of appellant, on or about the 8th of August, 1887. The declaration filed was in case and contained three counts.

The first count avers that appellant was owner of the railroad, etc., and right of way over and upon which it was constructed, of fifty feet in width on each side of its railway track, within 160 rods of appellee's hay, grass, and machinery for baling the same, and that it was the duty of appellant to have kept its right of way free from grass, dry grass and weeds, so that fire from its engine and locomotive in passing over its said railway would not be communicated to such dry grass, etc., and through it to the premises of appellee; but, through the neglect of its duty in that particular, fire was communicated by the passing locomotive of defendant, under the charge of its agent and servants, to said dry grass, weeds, etc., on said appellant's right of way, and through the same to the premises on which appellee's hay, grass and fence were standing, and consumed 290 tons of hay in the stack,

seven acres of uncut grass, and one hay press feeder, the property of appellee, of the value of $2,971, the damages being $3,000.

The second count alleges that appellant, not regarding its duty in the premises, or using due care in that behalf, unlawfully suffered large quantities of dry grass and weeds and dry hay to continue and remain on the said right of way, contrary to the statute thereby, etc.

And the third count charges that while a locomotive, under the control of appellant, was passing upon said railroad and in the vicinity of the plaintiff's close, brands and coals of fire were then and there scattered from said locomotive, by and through the negligence of the appellant, its agents and servants, and set fire to said loose hay and dry grass upon appellant's right of way, and therefore spread and was communicated to appellee's premises, and his hay, grass and press were consumed, etc.

To which appellant pleaded the general issue.

The cause was submitted to a jury for trial, who returned a verdict for appellee in the sum of $1,329 damages, upon which the Circuit Court rendered judgment, after overruling a motion for a new trial, and the cause is before us on appeal, with errors assigned upon the record that the County Court erred:

1.    In admitting improper evidence for appellee.
2.    In refusing proper evidence for appellant.
3.    In giving appellee's instructions.
4.    In refusing appellant's instructions.
5.    In overruling appellant's motion for a new trial.

Under the first and second error assigned above, complaint is made that certain questions propounded to the witness Oscar Carlson, called by appellee, were in fact leading, and suggestive of the answer desired, and that appellant's objection thereto should have been sustained. But this was a matter purely in the discretion of the trial court, and from this record we are not able to say that such discretion was improperly exercised. Greenup v. Stocker, 3 Gilm. 211; Doran v. Mullen, 78 Ill. 345.

Upon the question of value of the property destroyed, complaint is made that the trial court allowed the witness James Garrigan, called by appellee, to state, in substance, that he could not tell what the hay destroyed was worth in the community at large at the time of the fire. He testified: "I bought mine a month or two after this hay had been destroyed. I paid ten dollars per ton for it then, and hauled it out of the field myself."

If it be conceded that appellant's objection to this evidence was well taken to its fullest extent, it would not follow that the judgment below should be reversed. This record discloses the fact that many other witnesses testified upon the trial as to the value of this particular hay, some of whom were engaged in the shipping and sale of this identical hay at the time of its destruction, or immediately previous thereto, who knew its actual market value in the vicinity of the stack, as well as in the city of Chicago, and several of those witnesses placed the value at ten dollars per ton at the time and place of its destruction. It is apparent, then, as it seems to us, that this error, if error it was, could not have been productive of injury to appellant. The same may be said in regard to the objection to the testimony of William Fitzpatrick as to the purchase of hay by him, the price he paid and from whom he purchased.

It is further claimed that the trial court erred in not allowing appellant to put in evidence the trip report of the witness Butler, the engineer having in charge the locomotive which, it is claimed, set fire to the dry hay, grass and weeds on the appellant's right of way, made to the appellant, which the witness had before him on the trial, and consulted, as shown by the record.

This report was not of itself substantive evidence in the case. It was important in the case only as the oath of the witness who wrote it made it so, and it appears that he stated orally, on inspection of it, all it contained bearing upon this case. It is not claimed that anything of importance contained therein was not fully stated by the witness, and if so, appellant could not have been prejudiced by its exclusion.

It is further insisted that the trial court erred in not allowing Chi. Kein, who had been on the stand in the trial of said cause as witness for appellant, to act as interpreter of the witness John Kornoso, called by appellant, who, it was claimed, was a native of Poland, and unable to speak in the English language. It does not appear in this case, in any way, that the testimony of this witness was competent or material to the issue in the case, or, if material, could not have been fully established by other evidence in appellant's power to produce on the hearing. Nor did counsel for appellant in the court below, by statement or otherwise, indicate what fact, if any, was intended to be established by this testimony; nor was the court below asked for an allowance of time to procure another person to act as such interpreter, nor did it appear that, by the use of reasonable diligence, an acceptable interpreter could not have been procured at the trial below. The fitness and competency of the person offered to act as such interpreter rested largely in the sound discretion of the trial court, and, from this record, under the circumstances above indicated, we can not say that the court, in the ruling complained of, abused that discretion, or that the right or interest of the appellant was in the least degree affected or prejudiced thereby.

Appellant also complains that the Circuit Court overruled its motion for a new trial, as well as for the alleged misdirection of the jury in the giving and refusing of instructions on the hearing. We have carefully read and considered the whole evidence, as well the instructions given and those refused, and we think that the jury were fully justified by the evidence in finding the facts for the appellee, and in the verdict rendered; indeed the evidence would have justified a larger verdict. We find no error in the giving and the refusal of the instructions complained of to warrant our interference with the judgment below.

The objections to the proceedings in the Circuit Court are of the most technical character, and, in our judgment, show no substantial error, and the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*

C. B. Smith, J. I think the court erred in refusing to allow an interpreter to be secured for the Polish witness. I am unable to comprehend the ground of this refusal. I think the court also erred in refusing to give the second, fourteenth, seventeenth, thirty-third and thirty-fifth instructions. I think, for this reason, the judgment ought to be reversed.